[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13628
Non-Argument Calendar
_____

D.C. Docket No. 1:09-cr-20672-WMH-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDDIE LEE HUDSON,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 3, 2014)

Before TJOFLAT, WILSON and JORDAN, Circuit Judges.

PER CURIAM:

Eddie Lee Hudson, proceeding pro se, appeals the district court's denial of

his motion for a sentence reduction under 18 U.S.C. § 3582(c)(2).  On appeal,

Hudson argues that Amendment 750 to the United States Sentencing Guidelines entitles him to a modified sentence under § 3582(c)(2).  He also argues that his designation as a career offender violated the Fair Sentencing Act of 2010 (FSA), as well as the Fifth and Eighth Amendments.

We review de novo a district court's conclusions regarding the scope of its authority under § 3582(c)(2).  *United States v. James*, 548 F.3d 983, 984 (11th Cir. 2008) (per curiam).  In 2010, the FSA raised the amount of crack cocaine required to trigger the relevant mandatory minimum imprisonment terms.  *See* Fair Sentencing Act of 2010, Pub. L. No. 111-220, § 2(a), 124 Stat. 2372.  In order to account for these statutory changes in crack cocaine sentencing, Amendment 750 revised the drug quantity table and lowered the base offense levels for crack cocaine.  *See* U.S.S.G. app. C, amend. 750, reason for amend.

Under § 3582, district courts are permitted to modify a term of imprisonment when a defendant "has been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission."  18 U.S.C. § 3582(c)(2).  However, "[w]here a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, §3582(c)(2) does not authorize a reduction in sentence."  *United States v. Moore*, 541 F.3d 1323, 1330 (11th Cir. 2008).

2

Here, Hudson's sentencing range was determined by his status as a career offender under U.S.S.G. § 4B1.1.  Since Amendment 750, which revised the drug quantity tables found in U.S.S.G. §2D1.1(c), "does not alter the sentencing range upon which" Hudson's sentence was based, the district court lacked the authority to reduce his sentence under §3582 (c)(2).  *Id.*; *see United States v. Berry*, 701 F.3d 374, 376–77 (11th Cir. 2012) (per curiam) (holding that the district court lacked authority to grant a § 3582(c) motion based on Amendment 750 where a sentencing range was determined by the defendant's status as a career offender).

Similarly, the FSA does not entitle Hudson to a sentence reduction under §3582(c)(2).  First, his sentence was imposed in 2009, prior to the date the FSA took effect.  *See United States v. Hippolyte*, 712 F.3d 535, 542 (11th Cir. 2013) (noting that the FSA does not apply to defendants who were sentenced before the Act was enacted on August 3, 2010).  Second, even if Hudson had been sentenced after the enactment date, the FSA would not give Hudson grounds for reduction under §3582(c)(2) because the FSA is "not a guidelines amendment by the Sentencing Commission, but rather a statutory change by Congress."  *Berry*, 701 F.3d at 377.

Lastly, Hudson's constitutional arguments are non-justiciable under § 3582.  *See* 18 U.S.C. § 3582(c); *United States v. Bravo*, 203 F.3d 778, 782 (11th Cir. 2000) (holding that this Court lacks jurisdiction under § 3582(c) to hear

3

"extraneous resentencing issues," including those involving constitutional claims which should instead be brought under § 2255).  Accordingly, we affirm.

**AFFIRMED.**